## TALIAFERRO v. UNITED STATES.

### No. 6319.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1931.

liquor was to be delivered at Fifty-Seventh and Adeline- streets in said city. At that place defendant in his own automobile drove alongside one being used by the agents, and handed Agent Buckley a glass bottle containing the liquor. Thereupon the defendant was placed under arrest. Immediately thereafter defendant grabbed the bottle and broke it by striking it upon the clutch or brake lever of the automobile. The two agents testified that a small quantity of the liquor was recovered from the broken bottle and some of it was mopped up from the floor of the automobile. The liquor was delivered to a chemist who analyzed it and found its alcoholic content to be 44.1 per cent. per volume. There was testimony on behalf of the defendant tending to contradict the witnesses for the prosecution with reference to the recovery of the liquor. This testimony tended to show that the condition of the floor of the car was such that the liquor would not have remained thereon, but would have run through the cracks in the floor boards and immediately disappeared. Numerous exceptions were reserved during the trial, but there are only three specifications of error relied on.

First, it is contended that the court erred in admitting testimony to the effect that the defendant has previously been a prohibition agent. It is not unusual and ordinarily not improper to ask a witness when and where he became acquainted with the defendant and what the latter's occupation was at the time, unless, of course, it is manifest that the purpose is to prejudice the jury against him.

It is a matter of common knowledge that there are prohibition agents good, bad, and indifferent, and there is nothing in the record to indicate to which classification this defendant belonged. Judging by his actions, it would seem that his experience as prohibition agent had taught him that, in order to justify conviction, it is necessary to prove that the liquor is intoxicating; hence his efforts to destroy it. We cannot say that the admission of this testimony tended to bias or prejudice the jury against the defendant. Authorities cited by counsel in assigning this error are not controlling or in point. They hold that it is reversible error to admit evidence that the defendant had previously committed other crimes or consorted with lawless persons, or been dishonorably discharged from the Army, etc. If the evidence was not prejudicial in fact, it cannot be held to have been prejudicial in contemplation of law.

Jesse G. Benson, of Oakland, Cal., and John E. Truman, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Wm. A. O'Brien and Albert E. Bagshaw, Asst. U. S. Attys., all of San Francisco, Cal.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellant, hereinafter designated as the defendant, was found guilty of unlawful possession and transportation of intoxicating liquor. Upon the trial of the case, two prohibition agents testified that they entered the defendant's place of business in Oakland, Cal., and, after a brief conversation with him, ordered and paid the defendant for a bottle of liquor. It was then agreed that the

■ The second assignment is also without merit. It merely emphasizes the one just referred to, and is confined solely to the statement made in argument by the prosecuting attorney that "the defendant was a prohibition agent." It is true that the prosecuting attorney went further in his argument in that connection, but the further statement was not objected to or assigned as error.

■ The remaining assignment also relates to the argument of the prosecuting attorney. The record shows that during the course of his argument to the jury he stated:

"Much has been made by the defense of the point that the liquor could not have stayed in the floor of the car. Witnesses testified that after the car was returned from the prohibition department that they tried it by pouring in water which ran out immediately. But there was no showing that the floor of the car was in the same condition when they performed their tests, as it was the night of the arrest. As a matter of fact, while the prohibition department had it, we removed the floor-boards to take out the battery and the floor was in a different condition then than upon the night of the arrest. *I know that of my own knowledge.*"

When this statement was made counsel for the defense made objection on the ground that it was outside the record, and moved that the jury be so instructed. The prosecuting attorney was instructed by the court to proceed with the argument. Exception was noted by the defendant, but no formal ruling was made by the court. The record shows that there was a sharp conflict in the testimony as to the physical structure and condition of the automobile. That being so, the prosecuting attorney should not have made the above-quoted statement. It was prejudicial, and the failure of the court on motion to instruct the jury to disregard it calls for a reversal of the case.

Counsel are allowed great latitude in argument, but they should refrain from making statements of fact based solely on their own knowledge. Prosecuting attorneys occupy a very high and responsible position. It is their duty, of course, to represent the government and to present the government's contentions, but it is equally their duty to see that one accused of crime is not prejudiced by the offer or introduction of incompetent evidence or by statements in argument not justified by the facts proved. "Conviction must be, if at all, on the evidence given, not on what might have been given."

It is also the duty of the prosecuting attorney to endeavor to conduct prosecution in such a manner as to avoid unnecessary errors in the trial. Considering the duties of a trial judge, it is almost impossible for him to pay strict attention to every statement made by counsel in argument. While the argument is in progress, the judge is ordinarily engaged in considering requested instructions to be given to the jury.

"The chief function of the legal profession is the administration of justice. The duties of the bench and bar are, to this extent, alike. The purpose of both is to establish the truth, and to apply the law to it. To ascertain the truth is often difficult, and the united labor of the advocate and the judge often, it is feared, fails to accomplish the desired result. But the experience of all civilized countries shows that a trained body of men, advocates and judges, each class performing its respective duties, is required even to approximate success in the establishment of the truth. Forensic strife and the cross-examination of witnesses are the methods best adapted to the ascertainment of the truth. It is the duty of counsel to make the most of the case his client has given him. It is essential that all that is relevant to the case that can be said for each party in the determination of the fact and law should be heard. The very fullest freedom of speech, within the duty of his office, should be allowed to counsel. In addressing either court or jury, the advocate should be allowed to select and pursue his own line of argument, his own method of dealing with the evidence, and the application of the law to it. Every fact the testimony tends to prove, every inference he may think arises out of the testimony, the credibility of the witnesses, their intelligence, want of sense, or means of knowledge, are all legitimate subjects of discussion. Illustrations and analogies may be used, based on the testimony, history, science, literature, or current events. The court would never stop the advocate in his attempt to draw inferences, or to establish intention, from evidence that has been offered. Whether an inference of counsel is rightly drawn from the evidence is for the jury to determine. He may, of course, urge a fearless administration of the criminal law, and he may complain that juries are more inclined to acquit than to convict. On the other hand, for the defense, he may warn juries against harsh and hasty verdicts, and may invoke the mercies of the law. The field of legitimate speech and appeal is broad—broader than we can indicate here. But it is necessary to the

proper administration of the law that there should be a limit to what the advocate is permitted to say to the jury. Cases are to be decided by juries upon the evidence, and when the evidence is offered by witnesses, the witnesses are subject to cross-examination. A defendant should not be subjected to a trial on the unsworn statements of an attorney conducting the prosecution, even when such statements are relevant to the case, for he would by this procedure be debarred the right of cross-examination and be also deprived of the right of offering evidence in rebuttal. It is not within the legitimate province of counsel to state facts pertinent to the issue that are not in evidence; nor can he assume in argument that such facts are in the case when they are not." Lowdon v. United States, 149 F. 673, 676 (C. C. A. 5th).

"The district attorney has no right to make statements in argument based upon his own knowledge, or upon anything else that is not contained in the record. He should be as vigilant to see the prisoner protected from such statements as he is to see that the state is protected by an actual presentation of the evidence as it is in the record." Hamilton v. State, 97 Tenn. 452, 37 S. W. 194, 195.

"He has a right to comment on the manner, actions, and appearance of witnesses, but not to testify in his argument in the case, and present facts for the consideration of the jury not in evidence." State v. McGahan, 48 W. Va. 438, 37 S. E. 573, 574.

"It is error for counsel * * * to state * * * his own knowledge of facts unless he has testified thereto as a witness, * * * or to insinuate that he has knowledge of facts which are calculated to prejudice the opposite party." Commonwealth v. Shoemaker, 240 Pa. 255, 87 A. 684, 685; 38 Cyc. 1496.

The judgment of the District Court is reversed, and the cause remanded, with instructions to grant a new trial.