Joe R. **STEELE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15187.

United States Court of Appeals
Fifth Circuit.

May 13, 1955.

Rehearing Denied July 12, 1955.

Ben F. Foster, San Antonio, Tex., Henry H. Brooks, Austin, Tex., Ralph G. Langley, San Antonio, Tex., Charles William.Tessmer, Dallas, Tex., for appellant.

Lonny F. Zwiener, Asst. U. S. Atty., Charles F. Herring, U. S. Atty., Austin, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Found guilty on three counts of an indictment charging income tax evasion, count one dealing with his separate return for 1947, count two with the separate return of his wife for that year, and count three with the joint return of himself and his wife for 1948, defendant was sentenced on each count to four years imprisonment and to pay a fine of $5,000, the prison sentences to run concurrently.

Appealing from his conviction, defendant is here with seven specifications of error,[1] urging upon us that the judg-

---

1. Specification No. 1 complains of (1) the admission into evidence of government's exhibits 58 and 59, consisting of summaries of the evidence for the government by way of figures and computations, prepared by, and the conclusions of, the witness Howard, a special agent for the Bureau of Internal Revenue; and (2) the sending of such exhibits to the jury room.

Specification No. 2 complains of the inflammatory character of the opening and closing arguments of the United States Attorney.

Specification No. 3 complains of a statement of the prosecutor in the concluding argument that defendant had tes-

ment was so affected with prejudicial error that it may not stand.

While we cannot agree with appellant that all of his specifications present reversible errors,—indeed we think it clear that the third, fourth and fifth do not, we can and do agree with him that, for the reasons hereafter briefly stated, enough of them do to require a reversal.

■ Of these, in our opinion, the most egregious and prejudicial are those under the first specification of error, dealing with the two government exhibits. Government Exhibit 58 purports to be a computation of the Steeles' income on a net worth basis, and Government Exhibit 59 purports to be a computation of such income on the expenditures-available funds basis. These exhibits were the work of Travis Howard, a special agent of the Bureau of Internal Revenue. He was permitted to stay in the courtroom during the entire proceeding, heard all of the testimony of all of the Government witnesses, and was the last witness for the Government. He testified that he had not only heard all of the testimony of the Government witnesses but that he had examined all of the exhibits introduced by the Government and that Exhibits 58 and 59 were computations based upon all of the Government's case.

Since the computations contained in these exhibits purport to be a computation of all of the evidence of the government's witnesses, one of appellant's contentions against them is that there are omissions, interpretations and discrepancies between the record and these exhibits and a considerable portion of the testimony of the witnesses Jimmie Lim, Frank Garrett, Lawrence M. Curry, W. L. Bridges, Jr., and Mary Elizabeth Swanson. The exhibits were admitted in evidence over the objections [2] of the defendant, and after the jury had retired for deliberation, the United States Attorney requested that Exhibits 58 and 59 be sent to the jury room. Defendant's counsel objected on the ground: that the exhibits were offered and accepted in evidence in a restricted manner; that they were essentially argumentative; and counsel's thought was that to send them to the jury would be to send there the argument and the interpretation of how Agent Howard felt each witness had testified; that, therefore, the exhibits were not really evidence which had gone before the jury but special pleas of the government and its witness. The objections were overruled and defendant excepted.

Recognizing that the Supreme Court, in United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546, has held that in a prosecution for income tax evasion, an expert witness such as Howard purported to be may give testimony of his computation based upon substantially the entire evidence in the record as to the defendant's income, the defendant contends that the admission of these exhibits, their offer and reception in evidence, and their sending in to the jury room, were something entirely dif-

tified to certain facts when the defendant did not take the stand.

Specification No. 4 complains of the refusal of the court after the Assistant United States Attorney had made his opening statement, to grant the defendant's request that the case be submitted to the jury without further argument.

Specification No. 5 complains of the refusal to direct an acquittal because: (a) the proof was insufficient to establish an accurate opening net worth as of Jan. 1, 1947; and (b) there was no showing of willfulness.

Specification No. 6, that it was error not to instruct a verdict for want of evi-

dence as to the second count dealing with the income tax return of defendant's wife.

Specification No. 7 is a general complaint that the trial was so attended with serious errors as to deny defendants a fair trial.

**2.** (1) That such exhibits are a résumé of evidence as seen by the witness Howard and, as such, are not proper evidence to be admitted before the jury; (2) Said exhibits are not evidence of any fact except a résumé of what Howard thinks the witnesses said; (3) They are argumentative; and (4) They were improper and not evidence.

ferent from what was authorized in the Johnson case; that agent Howard did not merely attempt to summarize the testimony; that, on the contrary, he undertook to evaluate it, endeavoring to pass upon the reliability and credibility of certain witnesses and to determine what weight should be given their testimony, so that, by his testimony as to the exhibits and their sending to the jury, the Government, through its witness Howard, was enabled to invade, indeed to take over the province of, the jury.

In support of his position, the defendant cites United States v. Ward, 3 Cir., 169 F.2d 460, as a case in which the court excluded testimony similar to that of Howard in this case.

As to the second portion of the first specification, the sending of such exhibits to the jury at the request of the district attorney after the jury had retired and while it was in the jury room considering its verdict, we agree with appellant that the jury could scarcely consider this act of the court other than as investing these exhibits with an air of credibility as demonstrative evidence over and above, and independent of, the evidence which they purported to summarize and embody, with the undoubted effect of completely erasing from the minds of the jury, as to the so-called exhibits, any therapeutic effect the charge to the jury that the exhibits were not original evidence and were not binding upon the jury, was intended or calculated to have.

Wholly apart from the fact that they were not under any circumstances entitled to be taken to the jury as exhibits and that, by the very fact that they were sent to the jury after their deliberations had begun, the Government's side was given a great and unfair advantage over that of the defendant, since the defendant had no corresponding summaries of its view of the evidence, the purpose for which they were sent to the jury, as evidenced by the statement of the United States Attorney, "I don't think they can have anything to work out without the exhibits", and the manner in which they were sent there made the sending even more greatly prejudicial.

Directly in point we think is this quotation from the case of Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 131:

"There is great danger that the jury may assume that once the Government has established the figures in its net worth computations, the crime of tax evasion automatically follows. The possibility of this increases where the jury, without guarding instructions, is allowed to take into the jury room the various charts summarizing the computations; bare figures have a way of acquiring an existence of their own, independent of the evidence which gave rise to them."

For its answer to this specification, the Government first seeks to minimize the discrepancies between the testimony of the witnesses and the summaries of them set down in the exhibits, and, second, rests its case on United States v. Johnson, supra. We do not think that this will do, for this is not at all the Johnson case.

Putting aside the question of the significance and importance of the claimed discrepancies, we think that it was as clear error to admit to the so-called exhibits as it was to admit the seven charts prepared in the Elder case, Elder v. United States, 5 Cir., 213 F.2d 876, by and under the directions of the government witness, Buol, an agent of the Federal Bureau of Investigation. It is true that in that case, involving theft of automobiles, we held that the error, though a clear one, was not so prejudicial as to be reversible, but, as was carefully pointed out in the opinion, this was because of the nature of the case, the admitted accuracy of the charts, the simple and uncomplicated nature of the evidence attempted to be summarized, and the explicit and careful instructions given by the district judge.

Here, this is an entirely different kind of case, a prosecution under the net

worth and expenditures method attended, as we, in the Demetree case, Demetree v. United States, 5 Cir., 207 F.2d 892, and the Supreme Court, in the Holland and other cases, have pointed out, with great difficulties and problems in reconciling the right of the government to convict on substantial evidence with the rights of the defendant to a fair trial in accordance with law, and the overall effect of the exhibits and their handling was far more clearly prejudicial.

The Government's reliance on the statement quoted in its brief from United States v. Johnson, supra [319 U.S. 503, 63 S.Ct. 1241], " * * * but an argument such as that which we are rejecting tacitly assumes that juries are too stupid to see the drift of evidence * * * ", is vain in this case. For the argument accepted here is very different from the one rejected there. Besides the quotation is no more than a more or less aimless and glittering generality having little, if any, real bearing upon the decision in that case and certainly none here.

■ Because the case must be reversed for the glaring errors with respect to these so-called exhibits, it will serve no useful purpose for us to enter into an extended discussion of the other claimed errors since they are not likely to occur on another trial. It will suffice to say of the second specification of error that, though the argument of the United States Attorney was not objected to, it did go unadmonished and uncorrected so far out of bounds as to put the district judge in error in not, of his own motion, admonishing the Government's counsel to desist from that kind of argument and directing the jury that the argument was incorrect and unfair, and that they should not consider it. This was especially so with respect to the United States Attorney's statement of his personal opinion that he believed defendant guilty, his characterization of the defendant as a Dr. Jekyll and Mr. Hyde, a man at home with his family suave and, as Mr. Foster said, "a benign little man, but yet, when he gets down in the dark streets of Houston, we find him having his hand in every kind of racket that you can imagine, a man who can do that is smart, he is cunning, he is crafty." Finally, the statement in the conclusion of his summation, linking himself, the jury, and the judge as interested on the same side in the case cannot be justified or excused:

"You know there's three of us concerned now with the outcome of this case beside Steele. I am concerned because I think I have presented here to you, through the untiring efforts of Mr. Zweiner and the accountants, a case which proves beyond any question or a doubt that Joe Steele is guilty. And I don't like a citizen—and as a United States Attorney I don't like to see a man turned loose when he is proved guilty. I don't think it is fair to the innocent people of this country. So I am interested. Judge Rice has sat here on the bench the last week, when you were here, and has more or less presided over the court, ruled on objections, kept us all in line as best he could. So he is in this case to that extent. But, gentlemen, now we are about to reach the point where the only person or persons who can do anything about the crime that has been committed and the law that has been violated are you twelve men. I have done the best I know how * * * I have done everything I can. I have tried to present the case fairly * * * I have done all I can do.

"*The judge will give you the charge and he's done all he can do. And you are going to have to do the rest.*" (Emphasis supplied.)

■ We agree with the Sixth Specification that it was error on this record to refuse defendant's motion to direct an acquittal on the second count of the indictment, dealing with the wife's separate return, Benham v. United States, 5 Cir., 215 F.2d 472. Since however, it is quite likely that more evidence can be produced on retrial, the case will not be

**632**

reversed with directions to acquit on this count, but reversed and remanded for opportunity to furnish better proof if better proof is available. Bryan v. United States, 5 Cir., 175 F.2d 223.

Finally, as to the Seventh Specification of Error, we think it sufficient to say that, taking the specification as a whole, it is well grounded, but that since we do not believe that any of the matters referred to will recur on another trial, it is unnecessary to consider and point out which of the many matters complained of in this specification constitute prejudicial error and which do not.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.