**AZ DIN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 14752.

United States Court of Appeals
Ninth Circuit.

March 2, 1956.

Rehearing Denied May 11, 1956.

Pierce & Brown, Fred Pierce, Benjamin H. Brown, Sacramento, Cal., Geis & Byrd, Duard F. Geis, Willows, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., James S. Eddy, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before DENMAN, Chief Judge, and POPE and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

Az Din appeals from his convictions in the United States District Court for the Northern District of California of wilfully producing opium poppies,[1] knowingly permitting the production of opium poppies on his property,[2] and obtaining opium poppy seed for the purpose of opium poppy production.[3] He

---

1. Under 21 U.S.C.A. § 188b it is unlawful for any unlicensed person "to produce * * * the opium poppy * * *."

2. Under 21 U.S.C.A. § 188b it is unlawful for any unlicensed person "to permit the production of the opium poppy in or upon any place owned * * * or controlled by him."

3. Under 21 U.S.C.A. § 188f it is unlawful for any unlicensed person "to purchase or otherwise obtain, opium poppy seed for the purpose of opium poppy production: *Provided*, That the seed obtained from opium poppies produced by licensed producers may be sold or transferred by such producers to unlicensed persons, and may thereafter be resold or transferred, for ultimate consumption as a spice seed or for the manufacture of oil."

was sentenced to three years imprisonment and fined $500.00 on each count, the sentences to run concurrently. He contends that the convictions on all three counts should be set aside because of the use of evidence obtained by an illegal search and seizure and misconduct in the closing argument to the jury on the part of the Assistant United States Attorney. It is further argued that the convictions on the first two counts should be reversed because there is no proof that the poppies found growing on appellant's property were opium poppies. Finally it is urged that the conviction on the third count should be reversed because the statute of limitations had run.

## I. Alleged Errors Going To The Convictions On All Three Counts.

Appellant contends that evidence was used at his trial which was obtained by an illegal search and seizure. No motion was made to suppress this evidence either before or during trial as required by Fed.Rules Crim. Proc. rule 41(e), 18 U.S.C.A. Az Din urges that this court may reverse the convictions under its power to correct "plain error" under Fed.Rules Crim. Proc. rule 52(b). Assuming that this court has such a power, this is not a proper case for its exercise. The search and seizure here was by state officers. It is not shown they did not have a search warrant.

Of greater significance is the contention that Az Din was denied a fair trial by the conduct of the Assistant United States Attorney trying the case, in his closing argument to the jury. It is error for a prosecutor to appeal to passion and prejudice concerning matters irrelevant to the case.[4] However, where the trial judge has admonished the jury to disregard it such improper conduct justifies reversal only

when "the remarks are not the kind the jury 'put out of their minds' simply by being told to do so." [5]

The following in the closing argument are contended to warrant reversal. First, objected to are the statements that Az Din might be ready to go into large scale production of opium poppies because of the large number of seeds found in his house, and the pointing out that Congress had prohibited the growing of the opium poppy because of the anti-social effects of opium and heroin. The inference that Az Din might have intended to go into large scale production was a possible one in light of the evidence in the case, and the Government had the right to go into the background of the statute before the jury. See, Butler v. United States, 4 Cir., 1951, 191 F.2d 433, 435.

Next, Az Din objects to the prosecutor's statements inferring that he was a user of narcotics. The Assistant United States Attorney stressed several times that this was a narcotics case, and then stated:

"Furthermore, I do not believe that he just used the seeds to make the tea, either. Inasmuch as he was growing a narcotic plant, *it would seem to me that he would make use of the narcotic in the plant rather than the seed*. But as I mentioned before—

"Mr. Mull: Your honor, that is not the evidence in this case which would give the government attorney the right to infer to this jury that this defendant would be more inclined to use the narcotic which would come from these plants. In other words, intimate to this jury that this defendant is a user of narcotics, and I object to it and cite it as prejudicial error and misconduct and ask the jury be instructed to disregard it and ask for a mistrial.

---

**4.** Viereck v. United States, 1943, 318 U.S. 236, 247–248, 63 S.Ct. 561, 87 L.Ed. 734; Steele v. United States, 5 Cir., 1955, 222 F.2d 628, 631.

**5.** United States v. Georga, 3 Cir., 1954, 210 F.2d 45, 47. See also, Beard v. United States, 4 Cir., 1955, 222 F.2d 84, 95; United States v. Scoblick, 3 Cir., 1955, 225 F.2d 779, 782.

"The Court: The motion for a mistrial will be denied. Ladies and gentlemen of the jury, there is no evidence, as you know, to the effect that the defendant in this particular case was a user of narcotics, that he intended to use these poppies for the ultimate production of narcotics, and the evidence, so far as the Court recalls, is merely that he was producing the plant, as testified. You are instructed that in your deliberations and in arriving at your verdict, you should dismiss from your mind any comment made by counsel on this particular point. You may proceed, counsel.

"Mr. Eddy: Ladies and gentlemen, I wish to apologize to the Court and to you, ladies and gentlemen, if I have done anything which is out of line. I wish to do my duty for the government of the United States." [Emphasis added.]

If the italicized statement had any purpose, it was an appeal to prejudice. It was not relevant to the charge against Az Din or justified by the evidence in the case. However, upon objection, the trial court clearly instructed the jury to disregard it. There is no reason to believe that the jury did not do so. Certainly, the abuse here no where near approached those struck down in the Viereck [6] and Georga [7] cases where the appeals to prejudice were stronger and made at much greater length. We hold that here was no reversible error.

## II. Alleged Errors Going To Convictions On Specific Counts.

### A. Counts One and Two.

■ Appellant contends that the United States failed to prove him guilty as charged in counts one and two of the indictment of producing or allowing to be produced opium poppies on his property. He asserts there is no evidence that the poppies found growing on his farm by California Narcotics Agents were in fact *opium* poppies.

There was sufficient circumstantial evidence that the poppies were opium poppies. The California officers were qualified as experts and testified they could recognize the opium poppy. They pulled up the poppy plants growing on Az Din's farm, destroying the plants but saving the pods. Opium is derived from the pod of the opium poppy. The jury could have inferred that the plants would not have been pulled up by experts had they been innocent ornamental flowers. Moreover, Narcotics Inspector House testified that the poppies found on the premises had a white flower. Later he gave expert testimony about the characteristics of the opium poppy. He stated "The flowers are very pretty. They are sometimes white, sometimes green. *In this instance* it is a white flower." [Emphasis added.] Finally one of the agents testified that Az Din had told him that although he knew it was against the law to grow opium poppies he did it anyway.[8]

### B. Count Three on the Purchase of Opium Poppy Seed.

■ Az Din contends that the Assistant United States Attorney in his argument to the jury invited it to reach a conclusion not supported by the evidence but solely on his personal knowledge. The prosecutor told the jury that he did not believe Az Din's story that he had purchased the opium poppy seeds in a drug store because "you just can't buy poppy seeds in any drug store in this country I know of." Such statement of personal experience on matters not in the record are reprehensible.[9] However,

---

6. Viereck v. United States, supra note 4.

7. United States v. Georga, supra note 5.

8. This admission was sufficiently corroborated. See 22 U. of Chicago L.Rev. 902 (1955); 7 Stanford L.Rev. 378 (1955).

9. Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Taliaferro v. United States, 9 Cir., 1931, 47 F.2d 699; Henderson v. United States, 6 Cir., 1955, 218 F.2d 14; United States v. Georga, 3 Cir., 1954, 210 F.2d 45, 47; Pritchett v. United States, 1950, 87 U.S. App.D.C. 374, 185 F.2d 438, 440.

the trial court told the jury to disregard it as there was no such evidence in the record and stated, "you are admonished, ladies and gentlemen of the jury, to give no credence to that particular point."

In both Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 and Taliaferro v. United States, 9 Cir., 1931, 47 F.2d 699, federal prosecutors had stated to the jury that they knew certain facts were true although no such evidence had been adduced at the trial. In neither case did the trial court act to curb this misconduct or adequately warn the jury to ignore the statements. These cases therefore involve a different situation from the one present here. Here the Assistant United States Attorney stated only that he knew of no drug store where one could buy opium poppy seeds, inferentially asking the jury if they knew of such a drug store. The trial court clearly and completely instructed the jury that there was no evidence in the record that drug stores did not sell opium poppy seeds. There is no reason to believe its members failed to heed the trial judge. We hold this is not reversible error.

■ The prosecutor immediately after the court's admonition said, "I do not believe the defendant when he said he got the seed from the drug store and the basis of my belief is from my own experience. No objection was made to this remark, and we deem the defendant to have regarded it as covered by what the court had said previously. Fed.Rules Crim.Proc. 51; Myres v. United States, 8 Cir., 1949, 174 F.2d 329, 339.

■ Appellant further contends that the District Court erred in not granting a motion to dismiss the third count on the ground that the Government had failed to prove that the seeds in question were purchased within three years before June 14, 1954, the date of the indictment. 18 U.S.C. § 3282, as it read on June 14, 1954, provided for a three year statute of limitations on non-capital offenses. The Government has the burden of proving that the purchase was within this period. Buhler v. United States, 9 Cir., 1929, 33 F.2d 382.

The United States contends that the following testimony sufficiently shows purchase within the three year limitation period:

"Q. Did the defendant say anything about where he might have obtained the seeds which you have seen? A. He mentioned buying them in a drug store. That was the first and I believe he also stated that he had used some of the seeds later that year from plants he had the previous year."

All this testimony indicates is that: (1) Az Din claimed to have purchased the opium poppy seeds at a drug store *in some unspecified year*, and (2) that later in that year he purchased the seeds, he also used seeds from plants he had the year before. This does not establish that the year of purchase was within the required three years.

The judgments of conviction as to counts one and two are affirmed. That as to count three is reversed.

POPE, Circuit Judge (concurs).

I concur in Judge Denman's opinion but I do not join in any implied criticism of the remarks made by the Government attorney to the effect that he disbelieved defendant's story about using the seeds for tea. I think that the quoted remarks fairly interpreted meant no more than the statement of the attorney that since defendant was growing narcotic plants it was probable that the defendant was using the seeds for this purpose rather than for brewing tea. It is true that the trial court out of an appropriate abundance of caution instructed the jury that there was no evidence that defendant was a user of narcotics, but I do not believe the United States Attorney's remarks could properly be construed to say that.