Jesus **ROLON MARXUACH,** Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7064.

United States Court of Appeals First Circuit.

July 11, 1968.

Certiorari Denied Dec. 9, 1968. See 89 S.Ct. 454.

---

Benicio Sanchez Rivera, San Juan, P. R. with whom Albert J. Krieger, New

York City, was on the brief, for appellant.

Charles E. Figueroa, Asst. U. S. Atty., with whom Francisco A. Gil, Jr., U. S. Atty., and Blas C. Herrero, Jr., Asst. U. S. Atty., were on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Defendant Rolon Marxuach was convicted on three counts of an indictment involving a transfer of 125 grams of heroin on March 28, 1967, allegedly violating 26 U.S.C. §§ 4704(a) and 4705(a), and 21 U.S.C. § 174, and he appeals. Because of the questions raised, a detailed recitation is required.

The defendant was arrested on July 17. On August 7 an indictment was returned charging him and a co-defendant Soto Ayala. Arraignment was set for August 11. On August 11 the defendants appeared, both represented by a single attorney, Mr. Cesar Andreu Rebas, who asked for a ten-day continuance to plead. This request was granted. On August 21 the defendants pleaded not guilty. Attorney Andreu announced to the court that Mr. Benicio Sanchez Castano was joining him as co-counsel for each defendant. The court gave defendants until September 11 for motions, and stated that trial was provisionally scheduled for September 18, later changed to September 25. On September 11 defendants moved for particulars and for a continuance. The court on September 15 ordered the particulars, which were furnished on September 21, and the case was continued for trial to be had on October 2. On September 27 defendants filed a further motion for continuance, with accompanying affidavits. This motion was denied on October 2, and it was ordered that the jury be empanelled the following day. On October 3 defendant Soto failed to appear. Defendant Rolon moved for a continuance on the ground that Soto was in the hospital, alleging simply that he was "an im-

portant witness." The motion—as had been all other motions—was signed by both of the aforementioned counsel. The court denied the motion. This denial presents no question, as Soto did testify at the eventual trial.

Also on October 3, a bomb was discovered attached to the automobile of a government witness. When this was brought to the attention of the court at a hearing in chambers the court inquired of defendants' counsel if they knew anything about it. This question upset Mr. Sanchez, aggravating a heart condition and causing him to be hospitalized. In connection with the bomb, the government witness testified that Rolon, on September 18 in the courthouse, had threatened not to "permit" him to attend the trial. Thereafter Rolon sought a continuance in the light of Mr. Sanchez's hospitalization and stated that he did not wish to be represented by Mr. Andreu. The court denied the motion, designated Mr. Andreu to be counsel, empanelled a jury, and ordered trial for Rolon to commence October 4.

On October 4 defendant Rolon failed to appear. Testimony was received from the attending physician that although Soto had had his appendix removed on October 2, there were no objective symptoms or other medical indications, either before or after the operation, to confirm Soto's reported pain or any need for the operation. Later in the day Rolon was discovered in a hospital. The physician at this hospital reported that Rolon had nothing the matter with him, and he was brought to court in the custody of the marshal. Bail was thereupon revoked.

Rolon's trial finally commenced on October 6, and he was convicted.

■ We deal first with Rolon's contention that he was deprived of effective representation of counsel. In so doing we readily concede that Mr. Sanchez, whose reputation is well known to this court, was not falsifying either as to his ignorance of the bombing, or as to his physical condition. The court's per-

haps unfortunately phrased question doubtless sprung from its understandable disturbance over the bombing incident. At the same time, at this stage of the proceedings a continuance was not due simply as a courtesy to Mr. Sanchez. The sole question is whether it was error to designate Mr. Andreu to try the case. This question arises, as has been apparent, in a very unusual factual situation.

■ We, of course, agree that a defendant is entitled to proper representation, which means that counsel should be competent, and have adequate time to prepare. In the present case there can be no question as to the latter. Mr. Andreu had from the very beginning actively represented Rolon as well as Soto, whose case the record shows to be identical. Nor can there be any question as to his competency, with one possible exception.

■ On his own admission Mr. Andreu had been an active practitioner for over 30 years, mostly on the criminal side. His self-asserted disqualifications were the following.

1) He has "inconvenience" with the English language, and feared to be "embarrassed." To this there are three answers. The first is the court's statement that it found Mr. Andreu easier to understand than Mr. Sanchez. The second is our review of the transcript, which shows Mr. Andreu's more than adequate command of English. The third is the admission made before us that Mr. Andreu had expected to represent Soto at the trial while Mr. Sanchez represented Rolon. He could not be "embarrassed" for one and not for the other. Thus we can only regard this self-deprecation as totally unfounded.

2) Mr. Andreu was inexperienced in the federal court. Except as regards matters involving the federal rules we cannot consider this a significant matter.

3) Mr. Andreu was unfamiliar with the federal rules. This is a matter, viewed theoretically, of some possible moment. However, we may assume that if Mr. Andreu was going to try the case on behalf of Soto in any event, he had been familiarizing himself with the federal rules in anticipation. If, for some reason, he had not done so, he had two days until October 6 to obtain associate counsel who could remedy that deficiency. There is no suggestion that Rolon was impoverished and could not afford this assistance.

In sum, we will not hold the court's determination that Mr. Andreu was competent to try the case an abuse of discretion.

■ As a subsidiary matter we recognize the duty to give consideration to a defendant's preference with respect to representation, as long as the expeditious handling of his case is not impeded. United States ex rel. Davis v. McMann, 2 Cir., 1967, 386 F.2d 611, cert. denied 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153; Releford v. United States, 9 Cir., 1961, 288 F.2d 298. However, this subsumes good faith on the part of the defendant, something the court had abundant reason for questioning. Quite apart from the defendant's objective behavior in this case, previously recited, it was called to the court's attention that Mr. Andreu had successfully defended him on a murder charge some years earlier. Even if we assume that the defendant preferred Mr. Sanchez to Mr. Andreu the court could well conclude that Mr. Andreu was in no way personally objectionable. Under these circumstances the court was well warranted in regarding other matters as more important than giving full rein to the defendant's preference between his two lawyers. See United States v. Bentvena, 2 Cir., 1963, 319 F.2d 916, cert. denied 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271.

■ Finally, we note briefly defendant's contention, made for the first time in this court, that a conflict of interest was involved in having Mr. Andreu represent him. No such conflict had been discovered hitherto, and none

was suggested to the district court. Mr. Andreu and Mr. Sanchez had together represented both defendants from the time that Mr. Sanchez entered his double appearance. We persistently asked counsel on this appeal where the alleged conflict lay, and received no substantive answer. We have correspondingly searched the record and find none. It might not be inappropriate to add, as an additional matter, that where the defendants had been severed for trial at the last minute, and only for what the court found to be the feigned illness of Soto, it seems particularly reasonable that the court should require Mr. Andreu to continue to represent Rolon as he had hitherto. In so saying we do not deny that as a matter of general principle we are peculiarly sensitive to a showing of conflict of interest, if such can be suggested. Cf. Morgan v. United States, 2 Cir., 5/21/68, 396 F.2d 110.

■ With respect to the trial itself, defendant asserts that it does not appear that the interpreter was sworn. We have recently rejected such a formal contention first made on appeal as not approaching plain error. Defino Martone v. United States, 1 Cir., 6/13/68, 396 F.2d 229. The circumstances here are no different.

■ Next, defendant complains of judicial intervention in the trial. We have reviewed the record, and find no error.

■ Defendant also complains that during closing argument the assistant U. S. Attorney referred to him as a "big fish." On objection the court immediately struck the characterization. This case is in no way similar to defendant's only citation. Greenberg v. United States, 1 Cir., 1960, 280 F.2d 472. The remark here was not of serious proportion considering the size of the transaction involved ($4,500 paid for 125 grams of heroin), and, certainly after the court's prompt action, not prejudicial error. Cf. Az Din v. United States, 2 Cir., 1956, 232 F.2d 283, cert. denied 352 U.S. 827, 77 S.Ct. 39, 1 L.Ed.2d 49.

■ Finally, we deal briefly with defendant's claim that there should have been a continuance because of pretrial publicity. With one minor exception this publicity took place in July, when the arrest of the defendant, and a number of others, occurred. While the newspaper items were certainly not the type one would want read in the jury room, defendant's attempt to compare this case with Sheppard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, and Delaney v. United States, 1 Cir., 1952, 199 F.2d 107, falls wide of the mark. Of equal if not greater importance, defendant makes no answer to the antiseptic effect of an interrogation of the jurors by the court, which was both specific and thorough. In connection with pretrial knowledge the jurors, some collectively and the rest, individually, were asked the following question:

"Do any one of you now after this inquiry that we made have any memory or recollection of ever having read or heard or read in any newspaper or anywhere else anything about either the defendant Rolon Marxuach or this case or the co-defendant Soto Ayala?"

None answered affirmatively. That a defendant could claim prejudice because of newspaper accounts of his arrest published over two months prior that no juror recalled having seen or heard of passes understanding.

Affirmed.