**UNITED STATES of America,**
**Appellee,**

v.

**Ernesto RODRIGUEZ VALLEJO,**
**Defendant, Appellant.**

**No. 73–1240.**

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1974.

Decided May 16, 1974.

Benicio Sanchez Castano, San Juan, P. R., with whom Cesar Andreu Ribas and Benicio Sanchez Rivera, San Juan, P. R., were on brief, for appellant.

Jorge Rios Torres, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

■ Rodriguez Vallejo appeals from a judgment of conviction for possessing narcotics with intent to distribute and for distribution in violation of 21 U.S. C. § 841(a)(1). The only issue is whether he was denied effective representation of counsel. Rodriguez complains of being forced to trial with original counsel notwithstanding his request, made a day before the scheduled trial, for time to procure new counsel.

To decide whether the court acted properly, or whether instead it acted "[with] myopic insistence upon expeditiousness in the face of a justifiable request for delay", it is of course essential to look at the circumstances. Ungar v. Sarafite, 376 U.S. 574, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1963). Chronologically the following appears from the docket and transcript:

Rodriguez was indicted September 21, 1972. His privately retained counsel was Mr. Alfredo Alvarez Linares, who entered an appearance without qualification. Alvarez petitioned on September 18 and 22 for bail reduction, and took part in a hearing at which his client's bail was reduced. As the defendant was in custody the court announced that the case was to be set for trial as soon as possible. On October 11, Alvarez argued a motion to have his client released upon filing a $50,000 bond. Because Alvarez had another trial commitment, the court continued a later hearing on proposed sureties. Alvarez argued the surety matter on October 20. Six days later appellant, again by Alvarez, moved for time to raise cash; the motion was granted after argument.

Neither Alvarez nor his client appeared at the arraignment which was scheduled for January 8, 1973. However, alleging he had another case pending that day, Alvarez had filed a motion to change the arraignment date; he was thus able to satisfy the court that it should withdraw a warrant issued for Rodriguez' arrest and re-set the arraignment for January 15, 1973. This time Alvarez and his client appeared. The court set the case for trial on February 27, and scheduled a pretrial conference for February 20. There is nothing to indicate any objection by Rodriguez or by Alvarez to these dates. Defendant claims that he attended the pretrial conference in company both of Alvarez and Attorney Belen Trujillo.[1] But Mr. Trujillo did not file an appearance, and on February 26, a day before the scheduled trial day, told the court in chambers that he did not desire to do so. Prior to February 26, there is nothing in the record suggesting that Alvarez was not to be Rodriguez' trial counsel.

On February 26, Alvarez filed a motion for leave to withdraw as attorney for the defendant and that the trial not go forward the next day as scheduled:

"The undersigned attorney, upon being requested by the defendant to represent him, advised the Honorable Hiram Cancio, Chief Judge, that he would only undertake to represent said defendant at the arraignment and for the purpose of preliminary motions such as the matter of bail for defendant, because of lack of fluency in the English language, and because undersigned, although an experienced practitioner of civil laws, has slight experience in criminal matters, particularly Federal criminal matters, and could not adequately represent said defendant, defendant has retained Belen Trujillo, Esq., to represent him at the trial of this case; however, Mr. Trujillo has a muerder [sic] case, already commenced, set for trial on the 27th of February, 9:00 A.M."[2]

1. The record does not reflect whether Mr. Trujillo was present. In a later colloquy with the court, Alvarez stated: "Trujillo left me alone to see the pretrial." On the motion for a new trial the court wrote next to the contention that Trujillo had been present: "my recollection he was not present".

2. This assertion that Mr. Alverez so advised Judge Cancio (who presided at the bail

The motions were argued the next day. Alvarez requested only a "continuance for another day", reiterating that he was inexperienced,[3] and that Trujillo, who would be available on the following day, was to take charge of the case. He told the court that he was not prepared for trial because the defendant did not understand the importance of the case and had not made himself available for interviews. Alvarez also moved for a delay in order that the defendant have a mental examination.

The prosecutor opposed both motions. He argued that the defendant was not unfamiliar with the criminal courts and had on prior occasions been represented by well-known criminal lawyers to whom he had ready access when he wanted them. As the defendant had at no previous time indicated dissatisfaction with his counsel or the trial date, the prosecutor suggested that the motion was merely dilatory. The prosecutor represented that he had already summonsed witnesses, at government expense, from Atlanta and Miami. He opposed the motion for a mental examination because the defendant had used that "tactic" in a previous criminal case; allegedly defendant insisted upon his competence when, wanting to plead guilty, it became convenient to do so. A later psychiatric report concluded that Rodriguez did not suffer from a mental condition.

The court denied the motion for mental examination, finding the request to be a subterfuge. At first the court also denied a continuance, noting that Trujillo had informed it on the day previous that "he did not wish to enter his appearance". The court said,

"There is no showing here of diligence, there is no showing here of cooperation, it seems . . . simply a matter of doing whatever is necessary to get this case continued so that it will not have to go to trial today If additional counsel were needed or if other counsel were wanted, there was ample time to get both, there has been no showing, there has been no overt act, there has been no attempt as far as this Court knows to secure any other counsel. And that failure has to be charged to the defendant. If he hasn't any interest any more in the trial of his case or the disposition of this case, then why should this Court give him any consideration in granting a continuance?

"He hasn't shown any consideration, he has shown no cooperation of any kind to help himself, and as far as I know, from what I understand, he is an intelligent person."

The court expressed a suspicion that if the case were continued one more day, yet another continuance would be requested.

But Rodriguez insisted that Trujillo had told him the night before that he would try the case, and said, "If you give me 24 hours I will have an attorney here that will be able to represent me". The following then occurred:

"THE COURT: Well, the defendant has gotten himself in this situation but I am going to do this, and this is all, I will continue this case until 9:30

hearings but was not associated with the trial) is entirely uncorroborated in the record. The prosecutor represented to the trial judge, when the motion for continuance was argued on February 27, that he was not aware of any in-court or out-of-court conversations to that effect, and as Alvarez made no attempt to withdraw until the eve of trial, the court was entitled to discount his testimony. Appellant's claim that Alvarez was to handle only preliminary matters seems more doubtful in light of the fact that he was still retained after the trial and after other attorneys had been employed. On March 23, April 17, and May 4, Alvarez filed post-trial motions on behalf of the defendant. He was also present at the sentencing on June 1, along with two other attorneys. He did not withdraw from the case until June 22, 1973.

3. Although the written motion states that Alvarez had "slight" experience in criminal law, he asserted orally on the 27th that he had no experience. On appeal, appellant only claims that Alvarez "practices almost always", but not exclusively, in civil matters.

tomorrow morning. I will not release Mr. Alvarez Linares from this case, he will still be in this case and this case will start tomorrow morning at 9:30, whether you have another attorney or whether you do not have another attorney. Does he understand that?

"THE DEFENDANT: I will get one tonight.

"THE COURT: And Mr. Alvarez Linares, this Court is not releasing you from the responsibility of this case, you will still be an attorney in this case, and if the defendant does not have another lawyer when we go to trial tomorrow morning, this Court expects you to conduct the defense, because this is a thing that should never have happened.

.   .   .   .   .   .

"MR. ALVAREZ: I will be here tomorrow morning."

The next day Trujillo did not appear. Instead Alvarez moved again to withdraw as counsel and for a continuance, saying the defendant had contacted other attorneys who "are ready to take charge of the case, but not today, maybe some time". Rodriguez claimed he had relied upon Trujillo. He said he had a receipt for money allegedly paid to Trujillo, but did not offer it to the court or produce any corroboration. The motions were denied, and the trial commenced. At the close of the government's case, Alvarez requested a continuance until the next day to prepare a defense, which was granted. Rodriguez repeated his request for a further continuance, but at no time did he indicate that he wished to proceed *pro se* without Alvarez' help. He said that he had contacted several lawyers who for various reasons were not available. The court refused the request, asserting,

"You had ample time from the day of the indictment to the date of trial after having been notified on two different occasions concerning the trial date to secure counsel.

"On Monday of this week, Mr. Belen Trujillo appeared in chambers of this Court and requested a continuance. The Court asked Mr. Belen Trujillo if he had entered his appearance in this case and he said no. I advised Mr. Belen Trujillo at that time that until he had entered his appearance [sic] and he did not enter his appearance; then there were several motions for continuance made for the reasons set out in those motions. The Court heard those motions and refused them because there was no merit in what was said, there was ample time for you to secure another lawyer if you wanted one, . . . if there were any dilatory negligence in this matter it was laid at your door and it was your fault and no one else's.

"You should have had the opportunity to secure another lawyer if you had wanted when all motions for a continuance failed. Then you came forward with the motion to be examined by a psychiatrist because you claimed you were not physically and mentally capable of standing trial. The Court reviewed the report made by the psychiatrist approximately a year ago which was practically a proceeding identical with the proceeding here in Court. Relying on the psychiatric report which was made approximately a year ago in which you were found mentally competent, without psychoses, and able to cooperate with counsel and to stand trial, and when you requested today leave to address the Court, I gave you ample time to, I want it in the record, the statement that you were making, to show that you were capable of standing trial, that you did know what you were doing and that you did know what the proceedings were and the record amply discloses that and the Court would not permit the subterfuge to [sic] practiced here when all other methods failed, then you wanted a psychiatric examination, I think the past history,

you had at least one and possibly two psychiatric examinations and you were found competent in both cases, so this Court would not be willing to be used as a tool to circumvent justice.

"In one of those prior statements that you made to the Court, you made a statement to the effect that the United States Attorney was interested in seeing that justice was done. I told you at that time that the United States was interested in seeing that justice be done and that the Court was interested that justice be done and that they tried to see that justice would be done.

"This Court and no other Court of the United States is going to lend itself to be used in the subterfuge and in the methods to keep from going to trial. The Supreme Court of the United States and all the inferior courts repeatedly said and the Congress of the United States has said that all criminal cases should be terminated with expediency and that they should not be dragged on time after time.

"In view of the fact that you were indicted last September, which is approximately six months ago, and in view of the fact that you were repeatedly notified that this case was going to trial on Februrary 27th and in view of the fact that you did have ample time within which to secure any lawyer that you wished to secure, and in view of the fact that you did come into Court with the lawyer of your own choosing, this Court would not and will not grant any continuance in this case, . . . ."

■ On appeal, the defendant stresses his attorney's trial behavior,[4] claiming that he was denied effective assistance of counsel. We have little hesitancy, however, in sustaining the rulings of the district court and in affirming the conviction.

Alvarez was not *per se* incompetent to try the case. The record indicates that he had a sufficient command of English, and that he had experience in the trial of civil cases with some little criminal experience. With six months to prepare, he could acquire a sufficient knowledge of the federal rules; the pre-trial and post-trial motions which he filed and argued show no lack of professional competence. *Cf.* Rolon Marxuach v. United States, 398 F.2d 548, 551 (1st Cir.), cert. denied, 393 U.S. 982, 89 S.Ct. 454, 21 L.Ed.2d 443 (1968). His passive behavior at the trial itself seems less to have reflected a lack of confidence and knowledge than a willingness to join with his client in sullen opposition to the court's insistence that there be a trial. Such conduct on the part of an attorney comes perilously close to being improper; and it is plainly not grounds for a claim of incompetence by a client who hired the attorney, who failed to use diligence to seek out a new one, and who both abetted and acquiesced in the tactics.

■ The right to have counsel at all —as well as the right to counsel of one's choice—may be waived if one able to afford counsel does not retain him within a reasonable time. *See, e. g.,* United States v. Terry, 449 F.2d 727 (5th Cir. 1971); United States ex rel. Davis v. McMann, 386 F.2d 611, 618 (2d Cir. 1967), cert. denied, 390 U.S. 958, 88 S.

---

4. Alvarez put no questions to the jurors after the court had thoroughly interrogated each juror as to possible prejudice. Alvarez briefly cross-examined the first witness, a government agent, extensively cross-examined and recross-examined the second witness, also a government agent, and did not question the third, a chemist. On one occasion he objected to testimony on the grounds of hearsay. Appellant asserts that Alvarez did not object to other objectionable testimony; but upon reviewing the specified testimony, we do not find it objectionable. On the court's suggestion, Alvarez moved for acquittal but did not argue the motion. No witnesses were called for the defense. Alvarez made no closing argument to the jury, advising the court that he would prefer to "submit the case".

Ct. 1049, 19 L.Ed.2d 1153 (1968); Leino v. United States, 338 F.2d 154 (10th Cir. 1964); United States v. Arlen, 252 F.2d 491 (2d Cir. 1958). The district court was entitled to find that Rodriguez, who had been informed of the trial date over a month previous thereto, had not exercised diligence when, within that period, he procured no new attorney willing to enter an appearance.

Moreover, Alvarez' unheralded last minute attempt to withdraw, coupled with the sudden request for a continuance, was susceptible of interpretation as a mere contrivance to postpone trial.

■ The right to counsel may not be manipulated in a cat and mouse game with the court. Relerford v. United States, 309 F.2d 706, 708 (9th Cir. 1962). Whether the attorney is deemed satisfactory or not, the court, at some point, may require the defendant to go to trial.

"The right to counsel cannot mean that a defendant may continually delay his day of judgment by discharging prior counsel or by persistently refusing to select a new lawyer or any lawyer to defend him. The exercise of the right to counsel must be balanced with the necessities of sound judicial administration. A speedy trial, also guaranteed by the Sixth Amendment, is a desirable object of the criminal law . . . If appellant's decision . . . to dismiss counsel of such long standing . . . was undertaken for purposes of delay or disruption of the proceedings, we find nothing in the Sixth Amendment to require acquiescence by the trial judge."

United States v. Mitchell, 354 F.2d 767, 769 (2d Cir. 1966). See also United States v. Hampton, 457 F.2d 299 (7th Cir.), cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972); Giacalone v. Lucas, 445 F.2d 1238 (6th Cir. 1971); United States v. Leach, 429 F.2d 956 (8th Cir.), cert. denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1970); United States ex rel. Carey v. Rundle,

409 F.2d 1210 (3d Cir.), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1969); United States ex rel. Gallo v. Follette, 270 F.Supp. 507 (S.D.N.Y. 1967). The district judge is, of course, in the best position to evaluate the good faith of the defendant. For this reason, the matter of continuances is traditionally within the discretion of the trial court. "[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar, supra,* 376 U.S. at 589, 84 S.Ct. at 849. We find no clear abuse of discretion under the circumstances.

Affirmed.