IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60304

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODALTON HART,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
--------------------

July 16, 2002

**ON PETITION FOR REHEARING**

(Opinion June 12, 2002, 5th Cir. 2002,_____F.3d_____)

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing is DENIED.

The bribery statute, 18 U.S.C. § 201(b)(1)(B), requires the government to prove that the appellant gave something of value to a public official "to influence such public official ... to commit ... any fraud ... on the United States." The indictment describes the fraud that the appellant sought to influence the government agent to commit as "the approval of numerous operating loans for [the appellant's] farming entities." The jury's general verdict form does not identify with more specificity the particular fraud

or frauds that the jury found the appellant guilty of influencing the agent to commit; instead, the verdict form simply finds the appellant guilty of one count under 18 U.S.C. § 201(b)(1)(B).

At trial, the government adduced evidence suggesting that the appellant gave money to the agent to influence him to commit two different fraudulent acts: entering the appellant's debts incorrectly on the Farm and Home Plan, and allowing an incorrect count of cattle to be entered on the plan. Our panel opinion establishes that the government made improper use of Federal Rule of Evidence 1006 (governing summary evidence) in attempting to prove that the appellant's debts had been improperly entered on the Farm and Home Plan. This holding has the concomitant effect of eliminating one of the two possible "frauds" that the appellant allegedly wished to influence the agent to commit.

It is impossible to tell from the jury's general verdict whether the jury convicted the appellant for bribery under 18 U.S.C. § 201(b)(1)(B) because it was convinced that he gave money to the agent to influence him to misrepresent (1) the appellant's debts, (2) the number of cattle on the appellant's farm, or (3) both. Because of this impossibility and our holding's elimination of one of the two possible bases for the jury's guilty verdict on the bribery charge, the appellant's bribery conviction cannot stand.