## WHEELER v. UNITED STATES.
### No. 10859.

United States Court of Appeals
District of Columbia Circuit.

Decided June 21, 1951.

Mr. John T. Bonner, Washington, D. C., for appellant. Messrs. T. Emmett McKenzie and Herbert D. Horowitz, Washington, D. C., also entered appearances for appellant.

Mr. Frederick G. Smithson, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty., and Joseph M. Howard and Arthur J. McLaughlin, Assts. U. S. Atty., were on the brief for appellee. Mr. Joseph F. Goetten, Asst. U. S. Atty. also entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction in the United States District Court for the District of Columbia for impersonating a police officer pursuant to D.C.Code, § 22–1306 (1940) and grand larceny pursuant to D.C.Code, § 22–2201 (1940). The appellant assigns two errors on this appeal.

■ The first contention of the appellant is that the trial court failed to adequately instruct the jury on the elements of the crime of impersonating a police officer. The trial court read § 22–1306 of the D.C. Code (1940) to the jury as part of the instructions. This was sufficient. The language of this statute is clear and concise; it contains no words which are obscure, ambiguous or which are used in some restricted, special, or technical sense which the average layman cannot be expected to understand.

■■ The other contention made by the appellant is that since an acquittal on the first count of the indictment, of necessity would have required an acquittal on the second count, the trial court erred in instructing the jury they could convict on count two even if they acquitted on count one. The Government concedes that the record here on appeal is insufficient to determine whether on the facts the appellant could have committed grand larceny without having committed the offense of false impersonation of a police officer. But even if the appellant's contention be correct he was not prejudiced by the instruction given as the jury did in fact find him guilty of both offenses. The error, if it was error, was harmless. Under Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., we feel the error did not affect the substantial rights of the appellant, and it should be disregarded.

Affirmed.