**Henry SCHMIDT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15352.**

United States Court of Appeals Eighth Circuit.

Oct. 24, 1956.

Jerome F. Duggan, St. Louis, Mo. (Sidney W. Horwitz, and Dubinsky & Duggan, St. Louis, Mo., on the brief), for appellant.

Forrest Boecker, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., and Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before JOHNSEN, VAN OOSTERHOUT and WHITTAKER, Circuit Judges.

WHITTAKER, Circuit Judge.

Appellant, Henry Schmidt, a business agent of Local 682 of the Building Material and Construction Chauffeurs Union, at St. Louis, and one Peter Higgins, were charged, by indictment in six counts, with having—in Count One—conspired to extort, and—in Count Four—with having extorted, by threats of physical violence, the sum of $500 from a contractor named C. Hubert Gragg, and with having—in Count Two—conspired to extort, and—in Count Five—with having extorted, by threats of physical violence, the sum of $1,300 from Mid-States Construction Company, and its president, O. A. Holdren, all in violation of Section 1951, Title 18, U.S.C. Counts Three and Six of the Indictment were dismissed by the Court.

Schmidt and Higgins entered pleas of not guilty. The case was tried to a jury. The jury returned a verdict of guilty on all four counts. The Court sentenced both defendants to imprisonment for ten years on each count, the sentences to run concurrently, and thereafter granted leave to Schmidt to prosecute this appeal from the sentences *in forma pauperis*.

Appellant's sole and only claim here is that the district court committed prejudicial error in refusing to declare a mistrial because of improper remarks in the closing argument of the Government's counsel.

■ Appellant first complains of the statement "I believe in the guilt of these two defendants under this evidence", and argues that it was improper and prejudicial and, because of it, the Court should have declared a mistrial. But there was no such motion. There was not even an objection to the state-

ment. Hence, there was nothing for the Court to rule upon. Moreover, it is not misconduct for a district attorney to express his personal belief in the guilt of a defendant, if such belief is expressly based, as it was here, on the evidence, and the jury is not led to believe that the district attorney is basing his belief upon evidence not in the record. Henderson v. United States, 6 Cir., 218 F.2d 14, 19, certiorari denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253.

■ Appellant next complains of the statement " * * * Indictments were returned in labor racketeering cases and in all cases they resulted in conviction, it's no witch hunting", arguing that this went outside the record and purported to tell the jury what had happened in other like cases, and that this was prejudicial to appellant, and that the Court erred in overruling his motion for a mistrial. But, the Court immediately sustained appellant's objection to the argument and told the jury the statement was not a fact, and admonished the Government's counsel not to press the matter further, and, thereupon, the Government's counsel acknowledged the error of his statement before the jury. Moreover, this argument was made in answer to the argument of appellant's counsel, attemping to persuade the jury that the Government's witness, Gragg, should not be believed, saying, "I think the answer to that is this, that when this wave of hysteria hit the city of St. Louis about two years ago, *and we came up with indictments of labor leaders of some twenty or twenty-five,* I think Mr. Gragg rushed in with his tale, believing that his company was going to hit the headlines and that he was going to be well and favorably known as a contractor * * *", and, therefore, the criticized argument of the Government's counsel was provoked and invited, and, hence, in these circumstances was not improper, Myres v. United States, 8 Cir., 174 F.2d 329, 339, certiorari denied 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520; Baker v. United States, 8 Cir., 115 F.2d 533, 544,

certiorari denied 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128.

■ Finally, appellant complains of the use of the word "racketeers" in the statement of the Government's counsel that Gragg "didn't know whether the racketeers were together or not", and also complains of the statement that "I'm most happy to limit my remarks to the defendants in this case on the evidence in this case, and I say to you it shows that they're racketeers, guilty under the criminal racketeering law." Appellant's counsel moved for mistrial because of this argument, and the motion was overruled, appellant says, to his prejudice. The statute under which appellant was indicted is captioned "Racketeering", and we think it was not improper, in the circumstances here, for the Government's Counsel to say that, in his view, the evidence showed that the defendants were racketeers, Portman v. United States, 8 Cir., 34 F.2d 406, 408; LaFeber v. United States, 8 Cir., 59 F.2d 588, and Gray v. United States, 8 Cir., 14 F.2d 366. Moreover, any possible prejudice to appellant by the criticized argument was rendered innocuous by the trial court's prompt and sharp reprimand of Government's counsel, saying "I'm going to run this court, Mr. Boecker, and you're going to have to use a little judgment in your argument, and the question here is whether they're guilty or innocent of this crime, and let's not get into something that hasn't got anything to do with it."

It follows that the Court did not commit prejudicial error in refusing to declare a mistrial because of any improper statements in the closing arguments of the Government's counsel and the judgment appealed from is affirmed.

Affirmed.