Cleveland Lester THOMPSON, Jr., Edward Lee Harshberger and J. M. Proctor, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 17804.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1959.

Rehearing Denied Jan. 22, 1960.

**920**

Bernard A. Golding, Houston, Tex., for appellants.

John R. Green, Asst. U. S. Atty., William B. Butler, U. S. Atty., Robert C. Maley, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

Convicted on five counts of a seven count indictment and sentenced to two years on each count, the sentences to run concurrently, defendants, here upon two points of error, urge upon us that they were convicted upon procedures which offend due process of law.[1]

In support of their first point, appellants, quoting from the closing argument of the prosecutor,[2] argue that, within the authorities [3] on which they rely, the prosecutor, stating his personal belief in appellants' guilt, in effect gave unsworn and inadmissible opinion testimony without defendants' having the privilege of cross-examining him.

In support of their second point, appellants, conceding that the charge was correct, complain that the court erred in failing to define for the jury the words "counsel" and "induce" used in the instruction to the jury [4] and to point out therein the differences between abetting, counseling, inducing, and conspiring, used in the charge.

In short, appellants invoking the principle, and citing cases holding, that it is the duty of the district judge to instruct the jury on all essential questions of law involved, including giving definitions, whether or not it is requested to do so, insist that the judge failed in this duty.

■ Finally, in a kind of scattergun fashion and without, as they were in law required to do as a predicate to assigning error on the refusal to give them, pointing out why and wherein they are erroneous, appellants make the general complaint that it was error to refuse their requests for special instructions Numbers 3, 4, 5, 6, 7, 10, 11, 12, 13 and 14.

Answering the first point of error, appellee denies that the argument complained of was in anywise improper, and further insists that if it was error to make the statement, which is denied, the error was harmless. Pointing out that

---

1. (1) Improper argument by prosecutor denied appellants of their substantial rights and of a fair trial.
    (2) The trial court failed to fully and adequately instruct the jury on the law of the case.

2. "I have put a lot of time in this case. I have worked hard on it, but even so I sincerely ask you to go out and render what you consider a proper verdict. I'll be frank with you, I think the verdict is guilty on all three counts."

3. Steele v. United States, 5 Cir., 222 F.2d 628; Ginsberg v. United States, 5 Cir.,

257 F.2d 950; Handford v. United States, 5 Cir., 249 F.2d 295; Wagner v. United States, 5 Cir., 263 F.2d 877.

4. "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal, and whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

the line which the prosecutor may not take in his argument is suggesting or arguing to the jury his personal opinion as to defendants' guilt, based not upon the evidence in the record and the construction and interpretation of it but upon matters not disclosed therein, appellee, with confidence, affirms that he is not prohibited from stating arguendo as an advocate his view of the weight and effect of the evidence.

In addition, calling attention to the fact that, while defendants did object to the statement of the prosecutor and did ask for a mis-trial, when the court stated to defendants' counsel that if they wished it, he would instruct the jury that the statement of the prosecutor was given, and should be taken, merely as argument, the counsel declined the offer, saying, "I think I will just stand on my bill."

Opposing to appellant's second claim of error, its own counter point 2, "The instructions to the jury were adequate, fair and proper. The denial of the requests for further instruction was not error", appellee urges upon us: that, the issues were properly submitted and in a manner as favorable to defendant as the law permitted; and that defendants' complaint that it was error not to attempt definition of the clear and simple words used in the charge is without substance, as is its attack upon the district judge for failing to give in charge to the jury the many instructions presented and asked for in bulk without pointing out below and here why and wherein, in the light of the general charge, it was error not to give them.

For the reasons hereafter briefly set forth, we find ourselves in complete agreement with appellee's views; that the case was fairly tried and fairly submitted to the jury; that the matters complained of do not constitute error;

and that no plain error appearing, the judgment should be affirmed.

■■ We agree with appellants and have often declared, note 3 supra, that argument for the prosecution going beyond proper bounds may not properly be condoned, and that, when prejudicial, it may constitute reversible error. This does not, of course, mean, and we and other courts have not held, that the prosecutor may not "ask the jury for a conviction", Henderson v. United States, 6 Cir., 218 F.2d 14, 19, 50 A.L.R.2d 754. In the same case it was said:

> "It is of course permissible for the district attorney to ask the jury for a conviction * * *. In doing so the distirct attorney has the right to summarize the evidence and urge upon the jury all reasonable inferences and deductions from the evidence. It is not misconduct on his part to express his individual belief in the guilt of the accused, if such belief is based solely on the evidence introduced and the jury is not led to believe that there is other evidence, known to the prosecutor but not introduced, justifying that belief."

In Schmidt v. United States, 8 Cir., 237 F.2d 542, 543, where the argument complained of was: "I believe in the guilt of these two defendants under this evidence.", the court, holding that the argument was not improper, thus stated the correct rule:

> "It is not misconduct for a district attorney to express his personal belief in the guilt of a defendant, if such belief is expressly based, as it was here, on the evidence, and the jury is not led to believe that the district attorney is basing his belief upon evidence not in the record." [5]

5. To the same effect is this quotation from United States v. Holt, 7 Cir., 108 F.2d 365, 370:

"The District Attorney, in his argument to the jury, should confine himself to a discussion of the facts disclosed by the evidence or legitimate inferences deducible therefrom. He has the right to denounce a defendant as guilty of 'crime charged, if the evidence fairly tends to prove his guilt, and to draw inferences unfavorable to the defendant, if based on the evidence and such circumstances as reflect unfavorably on the defendant."

■■ In the light of these authorities and many others, including United States v. Socony-Vacuum Oil Co., 310 U. S. 150, 60 S.Ct. 811, 84 L.Ed. 1129, holding that each case must stand on its own facts, we think it hypercritical, to claim that the language of the prosecutor in this case was error at all, much less prejudicial and, therefore, reversible, error.

■ Finally, on this score, we think that if the language used might be regarded as having gone far enough beyond the bounds of legitimate argument to make proper the court's statement to defendants' counsel that if he wished the court to do so, it would instruct the jury in effect that the statement was made as argument and should be so taken by the jury, it is too plain for argument that counsel's reply, "No, sir, I think I will just stand on my exception.", showing that he was more interested in preserving the exception intact than in obtaining relief, rendered the error, if any, completely harmless.

■ The same is to be said of appellants' point No. 2, claiming that the court erred: specifically, in not defining the words "counsel" and "induce", used in the paragraph of the charge set out in note 4, supra, and generally, in not giving in the charge to the jury the mass of special instructions numbered 3 to 14, omitting only numbers 8 and 9, tendered to the judge without stating why they ought to have been given or wherein the general charge was deficient in respect of the matters dealt with in the requested instruction. Relying entirely on the established and generally recognized principle that in sending a criminal case to the jury the district judge, whether or not requested to do so, must instruct the jury upon the law of the case, appellants cite no cases which, under the undisputed facts of record, in any way support, or tend to support, the proposi-

tions they advance here. We have found none for the plain and simple reason, we think, that there are none. These propositions are: (1) that it was essential for the court to define words of clear and simple import and generally understood meaning, such as "counsel" or "induce", and (2) that error can be predicated, on this record, upon the refusal of the appellants' special charge.

■ Agreeing fully with appellants that a case must be correctly charged to a jury and that failure to give an instruction essential to a correct understanding by the jury of the case would be prejudicial error, we think it may not be doubted that it is settled law: that not every failure to charge is such reversible error; that indeed the contrary is true. Cf. Cave v. United States, 8 Cir., 159 F.2d 464, 469, where it is said:

> "Rarely, however, will the trial court's judgment be reversed for failure to give instructions in the absence of a seasonable request or exception (citing cases), and then only if the failure to instruct constitutes a basic and highly prejudicial error."

Cf. also Wheeler v. United States, 89 U.S.App.D.C. 143, 190 F.2d 663; Maynard v. United States, 94 U.S.App.D.C. 347, 215 F.2d 336; Byas v. United States, 86 U.S.App.D.C. 309, 182 F.2d 94; Banks v. United States, 8 Cir., 223 F.2d 884.

As an additional commentary on the non-essentiality to appellants' defense, of the definitions requested by their counsel, attention is called to the record showing that when, in response to the district judge's suggestion to counsel that if he wished such definitions to be given he could prepare and present for the judge an appropriate charge, the counsel failed and refused to do so. We are in no doubt that this specific claim of error is wholly unsubstantial, and we think that the

---

and this from United States v. Klein, 7 Cir., 187 F.2d 873.

"It is hypercritical to say that because, in discussing testimony and its effect, a

district attorney used the words 'I know' [and we may add 'I think'], he is thereby testifying on behalf of the prosecution. * * *"

same thing is true of the claims of error, baldly predicated on the fact that defendants requested special charges and the court did not give the lot of them.

No reversible error appearing, the judgment is

Affirmed.

RIVES, Chief Judge (concurring specially).

I do not think that the argument quoted in footnote 2 to the majority opinion should be commended. For the prosecuting attorney to express his personal opinion or belief in the guilt of the accused seems to me unfairly to add on the Government's side of the scales the weight of the professional opinion and the influence of the official position of Government counsel who, in most cases, is properly and highly respected by the members of the jury for his integrity, fairness, and impartiality. Such an argument should not, in my opinion, be made, and I think that in many cases it would call for a reversal whether or not there was any intimation that the prosecutor based his belief on evidence not in the record. The views expressed in the able dissenting opinion of judge McAllister in Henderson v. United States, 6 Cir., 1955, 218 F.2d 14, 20, et seq., are impressive and are amply supported by many cases contained in the annotation appended to that case in 50 A.L.R.2d at pages 766–868, on "Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to guilt of accused." See also 53 Am. Jur., Trial, Section 486; 23 C.J.S. Criminal Law § 1104.

In this case, however, the entire argument appears in the record. It is a logical and reasoned argument containing nothing else subject to criticism and no appeals to passion or prejudice. The one improper argument is not, in my opinion, so serious as to require a reversal of the judgment. As said in United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 240, 60 S.Ct. 811, 852, 84 L.Ed. 1129,

"But each case necessarily turns on its own facts. And where, as here, the record convinces us that these statements were minor aberrations in a prolonged trial and not cumulative evidence of a proceeding dominated by passion and prejudice, reversal would not promote the ends of justice."

I, therefore, concur in the affirmance of the judgment.