Dennis J. Roberts, II, Atty. Gen., Margaret R. Levy, Sp. Asst. Atty. Gen., Providence, for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief Appellate Div., Janice M. Weisfeld, Asst. Public Defender, Providence, for defendant.

**STATE**

v.

**Byron BARBER.**

**No. 82–474–C.A.**

Supreme Court of Rhode Island.

Nov. 17, 1983.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from judgments of conviction of first-degree sexual assault and kidnapping. We reverse and remand for a new trial. The facts of the case insofar as pertinent to this appeal are as follows.

The complainant, who was sixteen years of age at the time of the events described, testified that on July 10, 1981, she was wandering about in downtown Providence. She stated that she was approached by a man whose identity was not known to her but whom she later identified as defendant, Byron Barber. She testified that she accepted defendant's invitation to have something to eat and then to go with him to his apartment to smoke some "joints." The complainant further testified that she went to defendant's apartment, smoked some marijuana, and then sought to leave. However, defendant refused to allow her to leave and forced her to perform sexual intercourse with and fellatio upon him. She testified that defendant kept her a prisoner for approximately twenty-four hours during which time he repeatedly engaged in sexual activities with her and from time to

time struck her about the face. During complainant's detention in the apartment, defendant left on three separate occasions. The first time he hid her clothing. On the latter two occasions, defendant tied her hands and chained her feet to the radiator and bed and blindfolded her. At about 9 p.m. on July 11, 1981, defendant let complainant leave the apartment. After leaving the apartment, complainant walked about the downtown area for a while, went to the bus station, met some friends, and several hours later returned to her home.

Her parents then took her to Rhode Island Hospital where she was examined by Dr. Doreen Neptune. At about 5 p.m. on July 12, complainant gave a statement to the police, who subsequently apprehended defendant.

The sole issue that we shall consider in respect to this appeal is the testimony given by Dr. Neptune concerning the history furnished to the doctor by complainant. The testimony of the doctor in respect to this history was as follows:

"A. She stated that at approximately 9:30 on the night in question she was walking along Westminster [St.], was approached by a young man who asked her whether she wanted to smoke a few joints, that is marijuana, she pointed out; and she accepted. And, he proceeded to take her to his home arriving there approximately a half hour later, and they did smoke a few joints as she pointed out. And, subsequently, shortly thereafter she wanted to leave and at that point she stated he refused to let her go, according to her report, indicating he wanted to have sexual intercourse with her. She refused and at that point he began slapping her and indicating if she screamed he would hit her harder. Subsequently she stated he took her clothes off, and proceeded to have sexual intercourse and have her perform oral intercourse with him.

"Q. Did she tell you, doctor, for how long a period of time she was with her assailant?

"A. Approximately twenty-four hours.

"Q. And that after approximately twenty-four hours period she was released by him?

"A. Yes."

This court decided in *State v. Burgess,* R.I., 465 A.2d 204 (1983), that it was reversible error to allow a physician to testify to those portions of a case history that were not necessary or helpful in the diagnosis or treatment of the condition for which the physician was consulted. *Id.,* 465 A.2d at 206–07. *See State v. Pina,* R.I., 455 A.2d 313, 315 (1983); *State v. Contreras,* 105 R.I. 523, 534–35, 253 A.2d 612, 619 (1969). In the case at bar, as in *State v. Burgess, supra,* and *State v. Pina, supra,* the testimony of the doctor included material that was not pertinent to diagnosis or treatment and therefore was erroneously admitted under the medical-diagnosis exception to the hearsay rule. The narrative statement of history was essentially corroborative of the details set forth in the testimony of the complainant concerning the events leading up to and surrounding the sexual-assault incident. As in *Burgess,* this had the effect of buttressing the complainant's testimony concerning detail by one who is clothed in the garb of a medical expert and possesses substantial stature in the eyes of the jury. We held that such corroboration of detail not essential or pertinent to diagnosis or treatment is highly prejudicial to a defendant. Our holding in *Burgess* is dispositive of the instant case.

For the reasons stated, the appeal of the defendant is sustained. The papers in the case may be remanded to the Superior Court with directions to grant the defendant a new trial.