# STATE

v.

## Dennis W. RODERIGUES.

### No. 93–317–C.A.

Supreme Court of Rhode Island.

March 29, 1995.

counts of second-degree child molestation. On appeal, the defendant contended that the trial justice erred (1) in admitting certain testimony elicited from a defense witness on cross-examination and (2) in denying the defendant's motion for an independent psychiatric or psychological examination of the alleged victims. For the reasons stated below, we sustain the defendant's appeal and vacate the judgment of conviction.

## FACTS AND PROCEDURAL HISTORY

For a two-year period ending on September 15, 1990, Dennis W. Roderigues (defendant), and his wife, Shirley Roderigues, babysat for the three children of Louise G. and Roger G. (Louise and Roger) one to four times each week. At the time the Roderigueses were hired, the three children, Donna, Ron, and Michael[1] were approximately four years, two years, and one year of age, respectively. According to Louise, during the first year of the Roderigueses' employment as babysitters, her children "really got to like them [the Roderigueses]," and she experienced "no problems" with the Roderigueses.

During the second year that defendant and his wife cared for the children, Louise testified, she perceived changes in the behavior of her children. After Louise and her sister questioned the children, Donna and Ron allegedly related incidents of sexual abuse by defendant and his wife. Roger and Louise promptly reported the allegations to the police.

In February 1991, the Attorney General of the State of Rhode Island filed a criminal information charging defendant with second-degree child molestation in violation of G.L. 1956 (1981 Reenactment) § 11–37–8.3, as amended by P.L.1988, ch. 219, § 1, and § 11–37–8.4, as amended by P.L.1984, ch. 59, § 2, for acts allegedly committed against Donna. In addition, both Dennis and Shirley Roderigues were charged with second-degree child molestation in violation of §§ 11–37–8.3 and 11–37–8.4 for acts allegedly committed against Ron. During trial, the Superior

Jeffrey Pine, Atty. Gen., Lauren Sandler Zurier, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

LEDERBERG, Justice.

This matter came before the Supreme Court on the appeal of the defendant, Dennis W. Roderigues, from a conviction of two

---

1. In order to protect the identity of the minor children, we have used fictitious names for the children and their parents.

Court granted the state's motion to dismiss the charge against Shirley Roderigues after the trial justice ruled that Ron was incompetent to testify because he had apparently been coached by his aunt.

As part of the pretrial discovery, the state disclosed to defendant, *inter alia*, the fact that the children "have been seen for treatment" and revealed the names and addresses of the care providers. In addition, the state noted that "[t]hese [treatment] records have not been obtained by the State." The defendant apparently made no attempt to gain access to these treatment records.

Prior to trial, defendants moved for an independent psychiatric or psychological evaluation of Donna and Ron "for the purpose of validating the existence or non-existence of any sexual abuse," but the motion was denied by the Superior Court. At trial, defendant called as a witness psychiatric social worker Mary Mueller (Mueller), who had "treated [Donna] for a period of time." On cross-examination by the prosecutor and over the objection of defense counsel, Mueller testified that sexually abused children display symptoms of post-traumatic-stress disorder and that Donna's behavior was "entirely consistent" with that of a sexually abused child.

At the conclusion of the trial, a jury found defendant guilty of both counts of second-degree child molestation. On each count, defendant was sentenced to fifteen years of imprisonment, with eight years to serve, seven years suspended, and seven years probation on count 1 to commence on release. In response, defendant filed the instant appeal pursuant to G.L.1956 (1985 Reenactment) § 9–24–32 and raised two issues on appeal.

## SCOPE OF CROSS–EXAMINATION

■ The defendant argued on appeal that the trial justice erred in admitting, on cross-examination, certain testimony by Mueller that the victim exhibited behavior consistent with that of a sexually abused child. A trial justice's rulings on the scope and extent of cross-examination are reviewed only for abuse of discretion, *State v. Morejon*, 603 A.2d 730, 736 (R.I.1992); *State v. Benevides*, 420 A.2d 65, 69 (R.I.1980), and the rulings

will be overturned only when such abuse constitutes prejudicial error. *State v. Anthony*, 422 A.2d 921, 924 (R.I.1980).

■ Rule 611 of the Rhode Island Rules of Evidence limits the scope of cross-examination to "the subject matter of the direct examination." *See Benevides*, 420 A.2d at 69. "Also permitted on cross-examination are questions designed to explain, contradict, or discredit any testimony given by a witness on direct examination, or to test his accuracy, memory, veracity, or credibility." *Id.; see also State v. Crowhurst*, 470 A.2d 1138, 1143 (R.I.1984). When the witness is an expert who has given opinion testimony, "the scope is expanded so as to allow questions touching matters testified to in direct examination as well as inquiries purposed upon testing the qualifications, skills or knowledge of the witness or the accuracy or value of his opinion, or the methods by which he arrived at or the data upon which he based his conclusion." *State v. Kozukonis*, 100 R.I. 298, 303, 214 A.2d 893, 897 (1965). "However, the permissible scope and extent of cross-examination rests in the sound discretion of the trial justice." *Benevides*, 420 A.2d at 69; *see also Morejon*, 603 A.2d at 736.

This court has previously held that expert medical testimony that includes material not pertinent to diagnosis or treatment—but that corroborates details set forth in the testimony of the complainant—has the effect of buttressing the complainant's testimony. *State v. Barber*, 468 A.2d 277, 278 (R.I.1983); *State v. Burgess*, 465 A.2d 204, 206–07 (R.I.1983). This court has held further in *Barber* and *Burgess* that such corroboration of detail that is not essential or pertinent to diagnosis or treatment becomes highly prejudicial to a defendant.

■ In this case, Mueller, who had not been qualified as an expert, had been providing treatment for Donna, an alleged victim. Mueller was called as a defense witness and on direct examination was asked to identify a picture drawn by Donna in her presence. At that point, defendant introduced into evidence Mueller's treatment record describing Mueller's impression that the drawing described as a "funny face" by Donna seemed to Mueller "to indicate much more anger and

fear than anything humerous [*sic*]." Mueller's responses to questions concerning this drawing constitute the sum total of her testimony on direct examination.

Yet, on cross-examination, the prosecution was permitted to elicit testimony from Mueller, over defense objection, that Donna exhibited extreme symptoms of posttraumatic stress and, moreover, that her behavior was consistent with that of a sexually abused child.

"Q. Is it fair to say that children who have been sexually abused by someone whom they trusted display the symptoms of post traumatic stress disorder?

"MR. OSTER: Objection.

"Q. Anger, fear, isn't that fair to say?

"MR. BROWN: Objection.

"THE COURT: Overruled.

"A. Yes, that's fair to say. It's a diagnostic symptom.

"Q. Is it also fair to say that based upon the history you had a chance to review, knowing [Donna] and her [*sic*] observations of her and your training, experience, her behavior was entirely consistent with the child who had been sexually abused?

"MR. OSTER: Objection.

"THE COURT: Overruled. I said you may answer.

"A. Yes, it is consistent." [2]

This testimony, elicited from a witness who may have been perceived as an expert, served to bolster Donna's own testimony and, as such, was highly prejudicial to defendant.

Even more prejudicial was Mueller's testimony implicating defendant as the person responsible for sexually abusing Donna. After testifying that Donna's behavior was consistent with that of a sexually abused child, Mueller was then permitted to testify, again over defense objection, that nothing in Donna's history indicated that anyone other than defendant had sexually abused the victim.

"Q. Is it also fair to say that you found nothing whatsoever during the entire time you met with her or in her history to indicate anyone did that to her other than this defendant, is that correct?

"MR. OSTER: Objection. Objection.

"THE COURT: Overruled.

"A. I believe the question was, did I find anything to indicate anyone else would have—no, I did not find anything."

We are of the opinion that the testimony that the state elicited from Mueller exceeded the allowable scope of cross-examination. Mueller's responses to questions concerning the victim's drawing and Mueller's diagnosis as it related to that drawing constituted the sum total of her testimony on direct examination. Questions related to posttraumatic stress and behavior consistent with that syndrome clearly exceeded the permissible scope of cross-examination. We hold that the trial justice abused his discretion in admitting such testimony.

Under *Anthony,* the trial justice's rulings on the scope of cross-examination will be disturbed only in situations in which the abuse of discretion constitutes "prejudicial error." *Anthony,* 422 A.2d at 924. In the instant case, the state, in effect, made Mueller its own witness and then elicited from her the equivalent of expert testimony that Donna's behavior was consistent with that of a sexually abused child and that defendant was most likely the one responsible for the alleged abuse. This testimony was not essential to Mueller's diagnosis or treatment of Donna but rather served to corroborate Donna's testimony. In these circumstances, we conclude that Mueller's testimony amounted to impermissible bolstering of the complainant's testimony by a witness and that such testimony was highly prejudicial to defendant. We hold that the trial justice's abuse of discretion in admitting such testimony constituted prejudicial error.

---

2. Because we are granting a new trial on the issue of overbroad cross-examination prejudicial to defendant, we do not reach the issue of the admissibility in this jurisdiction of testimony on the child-sexual-abuse-accommodation syndrome, an issue extensively briefed by both parties.

Because our determination on the proper scope of cross-examination is dispositive of this appeal, we need not reach the issue of whether the trial justice properly denied the defendant's motion for an independent psychiatric or psychological examination of the alleged victims.

Accordingly we sustain the defendant's appeal, vacate the judgment of conviction, and remand the case to the Superior Court for a new trial.