**STATE**

v.

**John W. STUDLEY, Jr.**

No. 95–217–C.A.

Supreme Court of Rhode Island.

March 8, 1996.

Andrea J. Mendes, Special Asst. Atty General, for Plaintiff.

Randy Olen, Johnston, John F. Cicilline, Providence, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on January 23, 1996, pursuant to an order directing the defendant, John W. Studley, Jr., to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant appeals from a judgment of conviction of possession

of marijuana with intent to deliver. He was sentenced to five years imprisonment, with one year to serve and four years suspended. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On October 9, 1992, pursuant to a search warrant for marijuana and drug paraphernalia, the Coventry police seized a small scale, a smoking pipe, and eleven prepackaged bags of marijuana from defendant's residence. The police also found $4,800 in cash in defendant's pants pockets. At trial defendant moved in limine to exclude evidence of weapons seized from defendant's home. The trial justice granted defendant's motion.

On cross-examination defense counsel asked Officer Mark Saenko about the police procedure used in executing a search warrant. After the officer stated that he "had to secure the area first for persons in the building or weapons," defense counsel asked if a search for weapons had been conducted. Persisting with this line of inquiry, defense counsel asked the officer how and when the search was made. On redirect examination, and over defense counsel's objection, the prosecutor asked the officer if any weapons had been found. The trial justice limited the officer to his affirmative answer.

■ On appeal defendant argues that the trial justice erred by permitting the prosecutor to question Officer Saenko about the recovery of weapons from defendant's home. Rule 611 of the Rhode Island Rules of Evidence limits the scope of cross-examination to the subject matter of the direct examination. *State v. Benevides*, 420 A.2d 65, 69 (R.I.1980). Likewise, the scope of redirect examination is limited to matters testified to on cross-examination. The permissible scope of redirect examination, like the scope of cross-examination, rests in the sound discretion of the trial justice and will be reviewed only for an abuse of discretion. *See State v. Roderigues*, 656 A.2d 192, 194 (R.I.1995) (citing *State v. Morejon*, 603 A.2d 730, 736 (R.I. 1992)). In this case the trial justice properly found that the redirect-examination testimo-

ny of Officer Saenko was within the scope of explaining matters defense counsel had brought out on cross-examination. Therefore, we find no error.

■ The defendant also argues that the trial justice erred in denying his motion for judgment of acquittal. "[T]he denial of a motion for judgment of acquittal made at the close of the state's case is preserved for appeal only if the defense has rested its case * * * or renews the motion at the conclusion of the presentation of all the evidence." *State v. Clark*, 576 A.2d 1202, 1206 (R.I.1990) (citing *State v. Colbert*, 549 A.2d 1021, 1023 (R.I.1988)). In this case defendant moved for judgment of acquittal at the close of the state's case, and the motion was denied. The defendant failed, however, to renew his motion for judgment of acquittal at the close of his own case. Therefore, defendant has failed to preserve this issue for appeal.

■ The defendant also challenges the trial justice's denial of his motion for a new trial because the evidence was insufficient to support a conviction of possession of marijuana with intent to deliver. When passing on a motion for a new trial, "a trial justice must determine whether the evidence adduced at trial was sufficient to support the jury's verdict of guilt beyond a reasonable doubt." *State v. Caruolo*, 524 A.2d 575, 585 (R.I. 1987). A trial justice considers all the evidence in light of the charge given to the jury and then independently appraises the weight of the evidence and the credibility of the witnesses. *Id.* This court will not disturb a trial justice's ruling on a motion for a new trial unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.*

■ At trial defendant testified that he had purchased eleven bags of marijuana for personal use. He also testified that the $4,800 did not constitute proceeds from the sale of drugs but was money saved to purchase a stove and a trash compactor.

A review of the record reveals that the trial justice carefully considered all the evidence and enumerated those items that, when taken together, establish an intent to

deliver marijuana beyond a reasonable doubt. The trial justice noted that, "the marijuana was in multiple pre-packaged bags ready for sale hidden in the living room." She remarked on the drug paraphernalia and the large amount of cash found in the defendant's home. The trial justice found the defendant's explanation not credible and concluded that the evidence was consistent with an intent to deliver. We are of the opinion that in so ruling, the trial justice did not overlook or misconceive any material evidence, nor was she otherwise clearly wrong.

For these reasons the defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.