**STATE**

v.

**David ANDREOZZI.**

No. 2000–289–C.A.

Supreme Court of Rhode Island.

May 31, 2002.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Lauren E. Jones, Anthony DeSisto, Providence, David Andreozzi, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 6, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be de-

cided at this time. The facts pertinent to this appeal are as follows.

The defendant, David Andreozzi (defendant), appeals a judgment of conviction of simple assault entered after a Superior Court jury trial. The criminal complaint arose from an altercation between defendant and his former wife, Elizabeth Andreozzi (Elizabeth), that occurred at their home on the morning of October 6, 1999. Although they were engaged in divorce proceedings, both defendant and Elizabeth were residing together in Barrington with their three children.

Elizabeth testified that, after an argument in the kitchen, defendant assaulted her on the stairs. Elizabeth testified that an angered defendant threatened, "I'm really going to do it this time. I'm really going to hit you[,]" while holding a clenched fist in close proximity to her face. Not surprisingly, defendant recounted a different set of circumstances. According to defendant, in the presence of the children, Elizabeth informed defendant that "[t]oday would be a good day to get your stuff out of here." The defendant replied that he did not want to discuss adult issues in front of the children. As defendant attempted to go outside, Elizabeth followed him and asked him when they could engage in the "adult" discussion. The defendant denied threatening Elizabeth and alleged that Elizabeth returned to the kitchen and openly lied to the children, saying that "[she] could not believe * * * [that he] raised [his] hand to [her]." Furthermore, defendant denied being in close physical proximity to Elizabeth during the discussion, and insisted that she was at the top of the staircase and he was at the bottom.

As a result of the altercation, defendant called the Barrington Police Department (police), intending to send a message to Elizabeth that she could not raise adult

issues in front of the children. Officer Wesley McCoy (Officer McCoy) testified that he arrived at defendant's residence at approximately 8 a.m. A calm defendant permitted Officer McCoy and Officer David Payson (Officer Payson) to enter the house, whereupon the officers separated defendant and Elizabeth and conducted individual interviews. After Officer McCoy finished interviewing Elizabeth, he conferred with Officer Payson, who had interviewed defendant. The two compared the statements and decided to arrest defendant. The defendant initially was charged with domestic disorderly conduct, but the charge later was modified to simple assault.

A trial in the District Court ensued and defendant was found guilty. The defendant sought *de novo* review in the Superior Court, where a jury trial was held. At the close of the state's case, defendant's motion for a judgment of acquittal was denied. After deliberating for less than thirty minutes the jury returned a guilty verdict. The defendant subsequently moved for a new trial and the trial justice denied the motion. The trial justice sentenced defendant to one-year, suspended with probation, and a $1,000 fine. Furthermore, defendant was ordered to attend a batterer's intervention program, and to undergo any mental health or drug abuse counseling required by the probation department. In addition, a prior no-contact order was ordered to remain in force, prohibiting defendant from contacting Elizabeth. The defendant timely appealed.

The defendant argues that the trial justice erred in denying his motion for a judgment of acquittal. We disagree.

We are of the opinion that defendant has failed to preserve the issue for appeal. "[T]he denial of a motion for judgment of acquittal made at the close of the state's case is preserved for appeal only if the defense has rested its case * * * or renews the motion at the conclusion of the presentation of all the evidence." *State v. Studley*, 671 A.2d 1230, 1231 (R.I.1996) (quoting *State v. Clark*, 576 A.2d 1202, 1206 (R.I.1990)). Although defendant moved for a judgment of acquittal at the close of the state's case, he failed to renew his Super.R.Crim.P. 29 motion at the close of the evidence. Thus, defendant failed to preserve the issue for appeal. *See Studley*, 671 A.2d at 1231.

The defendant also argues that the trial justice abused his discretion by improperly admitting evidence of previous bad conduct in violation of Rule 404(b) of the Rhode Island Rules of Evidence.[1] The state argues that, although defendant initially objected to testimony concerning previous threats, the objection lacked the requisite specificity to preserve the argument for appeal. Furthermore, the state argues that defendant's failure to move for a mistrial, to strike the answer, or to exclude the evidence is fatal. We disagree with both arguments, and hold that the issue was properly preserved but the trial justice did not abuse his discretion in permitting the inquiry and admonished the jury with an adequate cautionary instruction.

"It is well established that 'the admissibility of evidence is within the sound discretion of the trial justice, and this

---

**1.** Rule 404(b) of the Rhode Island Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

Court will not interfere with the trial justice's decision unless a clear abuse of that discretion is apparent.'" *Malinowski v. United Parcel Service, Inc.*, 792 A.2d 50, 53 (R.I.2002) (quoting *ADP Marshall, Inc. v. Brown University*, 784 A.2d 309, 314 (R.I.2001)). During Elizabeth's direct examination, she was asked whether defendant had ever threatened her before. She replied:

"He threatened me one time in the same manner. He was sitting in the brown chair in the living room, and I was standing. And, he said the same thing, you know, with the fist. And, then, in August I was trying to go shopping for children's clothing. I had asked him for some money to buy the children some back-to-school clothes. And, he—when I asked how much money I could take he said he didn't know. 'Could I take four hundred dollars?' And, he put his hand on the phone. He said, 'If you go to the ATM and take four hundred dollars I'm going to have the police there waiting for you to have you arrested.'"

Shortly after her reply, the trial justice gave a cautionary instruction to the jury, stating:

"Ladies and gentlemen, to the extent that the witness testified that on other occasions the defendant engaged in other untoward conduct, bear in mind that he has not been charged with any such untoward conduct, or alleged misconduct. Any such evidence as the witness has just related, to the extent that you decide to consider it, it is admitted for the very limited purpose as it may, in your minds, relate to the defendant's motive, or intent, or intentions with respect to the charges for which he is presently on trial."

■ "Only if evidence of prior criminal acts is both prejudicial and irrelevant is it inadmissible under Rule 404(b) of the Rhode Island Rules of Evidence." *State v. Gomes*, 764 A.2d 125, 136 (R.I.2001) (citing *State v. Garcia*, 743 A.2d 1038, 1050 (R.I. 2000)). "[Q]uestions of relevancy of evidence, including whether the probative value of proffered testimony is outweighed by the danger of undue prejudice, are left to the sound discretion of the trial justice." *Id.* (quoting *Garcia*, 743 A.2d at 1050). Furthermore, "[t]he trial court's determination will not be disturbed on appeal absent a showing of prejudicial abuse of that discretion." *Garcia*, 743 A.2d at 1050 (quoting *State v. Gordon*, 508 A.2d 1339, 1347 (R.I.1986)). We are satisfied that this evidence was admitted for the limited purpose of showing defendant's motive or intent. This is permissible under Rule 404(b).

■ Moreover, we note that the trial justice immediately gave a cautionary instruction to the jury admonishing them to consider the evidence for the limited purpose of demonstrating defendant's motive or intent for the present charge, thus curing any undue prejudice. The combination of the evidence's relevancy and the trial justice's cautionary instruction demonstrates that the trial justice did not abuse his discretion.

■ The defendant also argues that the cautionary instruction was insufficient. However, "[a]ny defendant who objects to the content or timing of the trial justice's instructions to the jury about its use of Rule 404(b) evidence or to the trial justice's alleged failure to instruct the jury adequately concerning the limited purposes for which it may use such evidence * * * must do so specifically and must place those objections on the record in a manner that alerts the trial justice to the alleged inadequacy of the instruction, thereby giving him or her an opportunity to correct the same." *Garcia*, 743 A.2d at 1053 (citing *State v. Cianci*, 430 A.2d 756,

765 (R.I.1981)). While the objection failed to satisfy the required specificity of *Garcia* concerning Rule 404(b), we have, nevertheless, determined that this evidence of previous acts was relevant and that the trial justice's cautionary instruction was sufficient.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are returned to the Superior Court.